**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

DAVID LEE SMITH,

    Plaintiff,

-vs-                                            Case No. 8:05-CV-873-T-30MSS

POLK COUNTY, FLORIDA, et al.,

    Defendants.

_____/

**ORDER**

Plaintiff, a pretrial detainee incarcerated in the Polk County Jail, Bartow, Florida (hereinafter "PCJ"), proceeding *pro se*,[1] initiated this action on May 9, 2005, by filing a complaint alleging, *inter alia*, violations of the Americans with Disabilities Act of 1990, §§ 101-107, 42 U.S.C. §§ 12111-12117. Plaintiff has also filed a Motion for Preliminary Injunction (Dkt. 2) and a Motion for Placement [in the] Federal Witness Protection [Program] (Dkt. 3). According to documents filed by Plaintiff in support of his complaint, he is awaiting trial on charges of disorderly conduct, resisting officers with violence, and battery on a law enforcement officer (Dkt. 1, Ex. 6 at 3). *See State v. Smith*, Case No. CF04-002690-XX (Fla. Tenth Jud. Cir. Ct. 2004). The Court takes judicial notice of information available on

---

[1] Plaintiff is cautioned that although you are appearing *pro se*, you are required to comply with the Local Rules of the Middle District of Florida and the Federal Rules of Civil Procedure. Failure to do so could result in sanctions, including dismissal of your claims. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989). A copy of the Local Rules may be obtained at no charge by mailing a letter to the Clerk's Office. Because the Court cannot pay the mailing costs, you must also provide a self-addressed envelope with $3.95 postage affixed thereto. The Local Rules measure 8 1/2" x 11" x 1/2". A copy of the Local Rules may be found in the institution's law library. They may also be found in Florida Rules of Court available from West Group, 620 Opperman Drive, St. Paul, Minnesota 55164.

the internet database maintained by the Polk County Sheriff's Department, http://polksheriff.org/, viewed on May 24, 2005, stating that Plaintiff is being held in isolation at a PCJ facility after having been found incompetent to proceed. *See* Fed. R. Evid. 201. The public defender has been appointed to represent Plaintiff in his criminal case.

Plaintiff did not pay the $250.00 filing fee or seek leave to proceed *in forma pauperis*, one of which is required to be done within thirty days of the commencement of the action. *See* Local Rule 1.03(e) (M.D. Fla. 2004). Prisoners are responsible for paying their filing fees the moment the civil action or appeal is filed. "A limited exception exists only for prisoners who have 'no assets and no means by which to pay the initial partial filing fee.' 28 U.S.C.A. § 1915(b)(4). . . . However, 'the prisoner is still *obligated* to pay the *full filing fee* when the money does become available.'" *Rivera v. Allin,* 144 F.3d 719, 722 (11th Cir.), *cert. dismissed*, 524 U.S. 978 (1998) (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 606 (6th Cir. 1997) (finding that "by filing the complaint or notice of appeal, the prisoner waives any objection to the fee assessment by the district court.")).

The Court takes judicial notice, *see* Fed. R. Evid. 201, of a civil rights case initiated by Plaintiff raising the same claims asserted in the complaint filed in this case. *See Smith v. Polk County*, 8:05-CV-125-T-30TGW (M.D. Fla. 2005). According to documents he filed in that case on May 12, 2005, Plaintiff cannot qualify to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. *See id.*, Dkt. 8, Attach. (unnumbered). This case cannot go forward until Plaintiff pays the $250.00 filing fee.

The Court reviewed the papers Plaintiff submitted in support of his request for a preliminary injunction and found that he has failed to comply with the strictures of Fed.R.Civ.P. 65(a) and Local Rule 4.06(b) (M.D. Fla. 2004). The Court finds that the

allegations set forth in Plaintiff's Motion for Preliminary Injunction and Motion for Placement [in the] Federal Witness Protection [Program] are vague and conclusory. Allegations devoid of factual support are insufficient to warrant granting the relief Plaintiff requests. Having reviewed Plaintiff's complaint, the Court finds that Plaintiff has not demonstrated that he is under imminent danger of serious physical injury.

ACCORDINGLY, the Court **ORDERS** that:

1. The Motion for Preliminary Injunction is **DENIED** (Dkt. 2).

2. The Motion for Placement [in the] Federal Witness Protection [Program] is **DENIED** (Dkt. 3).

3. Plaintiff shall, within **TWENTY (20) DAYS** hereof, pay the $250.00 filing fee.

4. No further action shall be taken with regard to Plaintiff's claims until the $250.00 filing fee is received by the Clerk. Failure to comply with this order within the allotted time will result in the **dismissal** of this action without further notice.

**DONE** and **ORDERED** in Tampa, Florida on May 26, 2005.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA/jsh

Copy furnished to:
Plaintiff *pro se*

-3-