**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

DAVID LEE SMITH,

    Plaintiff,

-vs-                                    Case No.  8:05-CV-873-T-30MSS

POLK COUNTY, FLORIDA, et al.,

    Defendants.
_____/

## ORDER

This matter comes before the Court for consideration of Plaintiff's request to add additional defendants and claims (Dkt. 16) to the civil rights complaint he filed on May 9, 2005, alleging, *inter alia*, violations of the Americans with Disabilities Act of 1990, §§ 101-107, 42 U.S.C. §§ 12111-12117. Plaintiff also seeks reconsideration of his request that he be removed from the Polk County Jail and placed in protective custody as a "Federal witness" (Dkt. 17) and his requests for a preliminary injunction (Dkt. 18).

The Court has again considered Plaintiff's request that it intervene in his state proceedings and order that he be placed in the Federal witness protection program and documents submitted in support thereof and finds that Plaintiff provides no factual or legal support for the Court to reconsider its previous orders in this case. Plaintiff has not demonstrated that he is under imminent danger of serious physical injury. As Plaintiff has been advised previously, issues he has with the state courts related to his convictions or criminal charges pending against him, i.e., bond status and additional charges for new law violations, will not be addressed in this proceeding.

The Court construes Plaintiff's notice of additional parties and claims to be added to the original complaint as a motion to amend the complaint pursuant to Fed. R. Civ. P. 15(a). Rule 15(a), Fed. R. Civ. P., provides, in pertinent part, that:

> A party may amend the party's pleading *once as a matter of course at any time before a responsive pleading is served* or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served.

Because no responsive pleading has been filed in this case, Plaintiff is entitled to amend his complaint. The Court will not, however, allow this matter to proceed piecemeal. Plaintiff must submit an amended complaint identifying the defendants and the claims asserted against them in one document.

An amended petition completely *supersedes* the original petition. Once a petition is amended, the only issues before the Court are the ones raised in the text of the amended document. *See Fritz v. Standard Life Ins. Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982) (finding that under the Federal rules an amended complaint supercedes the original complaint); *Williams v. United States*, 2001 WL 530445 at *1 n.2 (S.D. Ala. 2001) (stating that "Plaintiff's last amended complaint (Doc. 9) will supersede his prior complaint (Doc. 1) and amended complaint (Doc. 6)."); *Gill v. Tillman*, 2001 WL 395051 at *1 (S.D. Ala. 2001) (same); *Brown v. E.F. Hutton & Co., Inc.,* 610 F.Supp. 76, 78 (S.D. Fla. 1985) (same).

Plaintiff is not proceeding *in forma pauperis* in this case. He is, therefore, responsible for service upon Defendants. Plaintiff may attempt to effectuate service by sending Defendants a copy of the Civil Rights Complaint, two copies of the Notice of Lawsuit and Request for Waiver of Service of Summons, and two copies of the Waiver of Service of

Summons, *see* Fed. R. Civ. P. 4(d).  If and when Defendants return the Waiver(s) of Service of Summons, Plaintiff must **file** the Waiver(s) with the Court, *see* Fed. R. Civ. P. 4(d)(4).

If Defendants do not return the Waiver(s) of Service of Summons, Plaintiff is responsible for personal service of the summons and complaint on each defendant.  Before Plaintiff can personally serve, he must obtain an issued summons for each defendant.  To obtain issued summons(es) for service, Plaintiff must complete the enclosed summons forms for each defendant.  Plaintiff is required to fill in the Defendant's name and address in the appropriate spaces on the summons.  Plaintiff shall fill in "20" as the number of days allowed to answer.  Plaintiff must then mail the completed forms to the Clerk's Office.  The Clerk will issue the summons(es) and return them to Plaintiff for service.

Plaintiff should be aware of Rule 4(m), Federal Rule of Civil Procedure, which states:

> **Time Limit for Service.**  If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time;  provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Because of delays beyond Plaintiff's control in effecting payment of the filing fee required so that this matter could proceed, the Court finds that good cause exists to extend the time limit for service.  The filing fee was received on June 14, 2005.  Accordingly, service of the summons and complaint must be effected on or before **October 12, 2005**.

ACCORDINGLY, the Court **ORDERS** that:

1. Plaintiff's request to add additional defendants and claims, *see* Dkt. 16, construed as a request to amend the complaint is **GRANTED** to the extent that:

      a.     The **Clerk** shall mail two copies of the civil rights complaint form to Plaintiff with his copy of this order. The complaint form shall be marked **"Amended Complaint,"** and this case number should be affixed thereon.

      b.     Plaintiff shall, within **TWENTY (20) DAYS** from the date of this order, **file** an **Amended Complaint** on the civil rights complaint form enclosed with this order. Plaintiff should fill out the complaint form completely. In amending, Plaintiff must name as defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place each defendant's full name in the style of the case on the first page of the civil rights complaint form and in Section V(C)-(G) of said form. The Amended Complaint must include all of Plaintiff's claims in this action, and it should not refer back to the original complaint. After completing the form, Plaintiff should mail it to the Court. Plaintiff is responsible for serving <u>each</u> Defendant with a copy of the Amended Complaint.

   2.     Plaintiff's renewed request that he be removed from the Polk County Jail and placed in protective custody as a "Federal witness" (Dkt. 17) is **DENIED**.

   3.     Plaintiff's renewed request for a preliminary injunction (Dkt. 18) is **DENIED**.

   4.     The **Clerk** is directed to send Plaintiff 24 copies of the summons, the Notice of Lawsuit and Request for Waiver of Service of Summons, and the Waiver of Service of Summons forms.

   5.     The **Clerk** shall enclose a copy of the docket sheet for Case No. 8:05-CV-1409-T-24MAP with Plaintiff's copy of this order.

      6.     No further action shall be taken with regard to Plaintiff's claims until he files the Amended Complaint. Failure to comply with this order within the allotted time will result in the **dismissal** of this action **without further  notice**.

      **DONE** and **ORDERED** in Tampa, Florida on September 2, 2005.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copy furnished to:
Plaintiff *pro se*

SA/jsh