**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

DAVID LEE SMITH,

    Plaintiff,

-vs-                                                  Case No.  8:05-CV-873-T-30MSS

POLK COUNTY, FLORIDA, et al.,

    Defendants.
_____/

## ORDER

This matter comes before the Court for consideration of Plaintiff's Request for Time Extension (Dkt. 20); Motion for Change of Venue (Dkt. 23); and Motion to Disqualify Judge (Dkt. 24). Since Plaintiff filed an amended complaint on September 20, 2005, his motion for an extension of time is moot (Dkt. 22).

Plaintiff cites 28 U.S.C. § 144 as legal authority for his motion. For reasons set forth *infra*, the Court finds that Plaintiff has failed to show that he is entitled to relief under this statute.

A judge should not recuse himself based upon unsupported, irrational, or tenuous allegations. *Giles v. Garwood*, 853 F.2d 876, 878 (11th Cir. 1988), *cert. denied*, 499 U.S. 1030 (1989).  Plaintiff has filed an affidavit in support of his motion for disqualification.  In his affidavit, Plaintiff argues that disqualification is necessary in the instant case because the Court has entered rulings that were not in his favor in retaliation against him for filing a civil rights complaint. Plaintiff then recites an abbreviated chronology of events and alleged judicial improprieties which prompted him to request that the judge presiding over his state criminal proceedings recuse himself.  The narrative is interspersed with Plaintiff's

personal observations regarding the appropriateness of various orders entered by this Court.

The Court finds that, taking all well-pled allegations in the affidavit as true, Plaintiff's request for disqualification is fatally flawed.  *See Phillips v. Joint Legislative Comm. on Performance & Expenditure Rev.,* 637 F.2d 1014, 1019 n.6 (5th Cir. Unit A 1981) (holding that "[p]roperly pleaded facts in a § 144 affidavit must be considered as true.").  Specifically, the facts are not such that, if true, "they would convince a reasonable man that bias exists." Furthermore, there is no evidence or allegation that a judicial opinion about the case has been formed based on extrajudicial sources. *See Christo v. Padgett*, 223 F.3d 1324, 1334 (11th Cir. 2000) (quoting *Hamm v. Members of the Bd. of Regents*, 708 F.2d 647, 651 (11th Cir. 1983) (finding that "[t]he general rule is that bias sufficient to disqualify a judge must stem from extrajudicial sources . . . . Neither a trial judge's comments on the lack of evidence, rulings adverse to a party, nor friction between the court and counsel constitute pervasive bias.").

The Court finds that no reasonable person would conclude that a personal as opposed to judicial bias exists in this case based on the allegations contained in Plaintiff's affidavit. *See Mims v. Shapp*, 541 F.2d 415, 417 (3d Cir. 1973) (citing *Berger v. United States*, 255 U.S. 22 (1921)). "The simple filing of an affidavit does not automatically disqualify a judge.  A trial judge has as much obligation not to recuse himself when there is no reason to do so as he does to recuse himself when the converse is true."  *United States v. Bray*, 546 F.23d 851, 857 (10th Cir. 1976) (citations omitted).

Plaintiff likewise fails to establish that a change of venue is appropriate in this case. Conclusory allegations devoid of fact are not sufficient to support finding that a change of

venue is necessary to insure that a party is afforded a fair and impartial hearing on his complaint. The fact that Plaintiff has had several causes of action dismissed in this district does not establish that the federal judiciary has conspired to deprive Plaintiff of his civil rights or his right of access to the court.

On September 2, 2005, Plaintiff was cautioned that he is responsible for service of the complaint on the Defendants. Because payment of the filing fee was delayed at the institutional level, the Court extended the period allowed under Fed. R. Civ. P. 4(m) for serving the Defendants, directing Plaintiff that "service of the summons and complaint must be effected on or before **October 12, 2005**" (Dkt. 19 at 2-3). To date, Plaintiff has not filed proof of service of process.

ACCORDINGLY, the Court **ORDERS** that:

1. The Request for Time Extension to file an amended complaint is **DENIED** as moot (Dkt. 20).

2. The Motion for Change of Venue is **DENIED** (Dkt. 23).

3. The Motion to Disqualify Judge is **DENIED** (Dkt. 24).

4. Plaintiff shall show cause on or before **February 23, 2006**, why this case should not be dismissed for failure to comply with Fed. R. Civ. P. 4(m). Failure to comply with this order within the allotted time will result in **dismissal without further notice**.

**DONE** and **ORDERED** in Tampa, Florida on February 13, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA/jsh

<u>Copy furnished to</u>:
Plaintiff *pro se*